USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD HOLT,

          Appellant,

  -against-

JP MORGAN CHASE BANK, N.A.,

          Appellee.
------------------------------------------------------------X

17-CV-07901 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Appellant Richard Holt, proceeding *pro se*, filed this appeal arising from a bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York (Robert D. Drain, B.J.) ("Bankruptcy Court") on October 13, 2017. (ECF No. 1.) Appellant challenges the order of the Bankruptcy Court granting Appellee *in rem* relief from the automatic stay of the forfeiture case currently pending in Connecticut state court.[1] That state court action concerns a March 22, 2000 Note and Mortgage ("Note and Mortgage"). For reasons discussed below, Appellant's appeal is DENIED.

"The decision to grant or deny relief from the automatic stay . . . is reviewed for abuse of discretion." *In re WorldCom, Inc.*, No. 05-CV-5704(RPP), 2006 WL 2255071, at *2 (S.D.N.Y. Aug. 4, 2006) (citing *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990)). For abuse of discretion review, the court does not consider whether it would have made the same decision, but merely whether the Bankruptcy Court's decision was reasonable. *In re Motors Liquidation Co.*, No. 09-50026(REG), 10-CV-36(RJH), 2010 WL 4630327, at *2 (S.D.N.Y. Nov. 8, 2010); *see In re Manus*, No. 10-CV-8244(JGK), 2011 WL 5513372, at *4 – 5 (S.D.N.Y. Nov. 10, 2011).

---

[1] *JP Morgan Chase Bank v. Holt*, No. FSTCV085009720S (Conn. Super. Ct.)

The Bankruptcy Code provides that automatic stays shall be modified for cause. 11 U.S.C. § 362(d)(1). Cause for relief from an automatic stay includes a finding that a filing was made in bad faith. *In re Eclair Bakery Ltd.*, 255 B.R. 121, 137 – 38 (Bankr. S.D.N.Y. 2000) ("Bad faith has frequently been held to provide sufficient cause to warrant" both dismissal or relief from an automatic stay). A bad faith inquiry "is meant to insure [sic] that the Debtor actually intends to use chapter 11 to reorganize and rehabilitate itself and not simply to cause hardship or delay to its creditors by invoking the automatic stay." *In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 522 (Bankr. S.D.N.Y. 1996). A number of factors may be indicative of a bad faith filing, including whether the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights.[2] *In re AMC Realty Corp.*, 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001) (citing *In re C-TC 9th Avenue P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997)). The Bankruptcy Code also provides that the court shall grant relief from a stay if the court finds that the filing of the petition was "part of a scheme to delay, hinder, or defraud creditors that involved . . . . multiple bankruptcy filings." 11 U.S.C. § 362(d)(4).

Here, the record is replete with evidence of Appellant's bad faith and scheme to delay the underlying Connecticut state court foreclosure litigation. This scheme has included multiple bankruptcy filings, frivolous notices of removal, numerous actions relating to the underlying

---

[2] Other factors include whether the debtor (1) has only one asset; (2) has few unsecured creditors whose claims are small when compared to those of the secured creditors; (3) has one asset that is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) is in a financial condition that is essentially a two party dispute which can be resolved in the pending state foreclosure action; (5) has little or no cashflow; (6) cannot meet current expenses; and (7) has no employees. *In re AMC Realty Corp.*, 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001).

debt, and multiple adversary complaints filed in the instant bankruptcy.[3] Bankruptcy Courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (internal quotation marks omitted) (quoting *In re Blair*, No. 09-76150(AST), 2009 WL 5203738, at *4 – 5 (Bankr. E.D.N.Y. Dec. 21, 2009)). The Appellant has engaged in more than serial filings in this case; he has undertaken an aggressive campaign to delay and defer the forfeiture litigation.

Accordingly, the Bankruptcy Court did not abuse its discretion in granting relief from the stay. *See In re Khan*, 593 F. App'x 83, 86 (2d Cir. 2015) (affirming the district court's decision to affirm the Bankruptcy Court's order awarding sanctions due to a party's "general pattern of groundless litigation in the bankruptcy courts"); *In re Procel*, 467 B.R. at 309 (holding that the parties' participation in property transfers and numerous bankruptcy filings was sufficient for the Bankruptcy Court to find that the current bankruptcy petition was part of a scheme to delay,

---

[3] *Holt v. JP Morgan Chase Bank, N.A. (In re Holt)*, Case No. 16-23653, Adv. Pro. No. 17-08218(RDD) (Bankr. S.D.N.Y. Jan. 26, 2018) (Order abstaining from the Chase adversary proceeding); *Holt v. WaMu Asset Acceptance Corp. (In re Holt)*, Case No. 16-23653, Adv. Pro. No. 17-08245(RDD) (Bankr. S.D.N.Y. Jan. 26, 2018) (Order abstaining from the WaMu adversary proceeding); *Holt v. JP Morgan Chase*, No. 16-CV-3937(KPF) (S.D.N.Y. Nov. 17, 2017) (dismissing action Appellant filed against Appellee seeking that Appellee be prohibited from asserting claims related to Appellant's loan due to failure to prosecute); *BNY Western Trust v. Holt*, No. 17-CV-1423(AWT) (D. Conn. Oct. 12, 2017) (remanding the underlying case to Connecticut state court after then-Defendant Holt attempted to remove the state foreclosure action to a Connecticut federal court); *Holt v. FDIC*, No. 17-CV-4374(KPF) (S.D.N.Y. Sept. 25, 2017) (dismissing Appellant's action against the FDIC); *In re Holt*, No. 16-23653(RDD) (Bankr. S.D.N.Y. July 17, 2017) (Order Granting *In Rem* Relief From the Automatic Stay) (ECF No. 46) ("Debtor's pursuit of this chapter 13 case was part of a scheme to hinder and delay creditors that has involved multiple bankruptcy filings by the Debtor affecting the Property . . . ."); *JP Morgan Chase v. Holt*, No. 16-CV-9312(CM) (S.D.N.Y. Dec. 9, 2016) (remanding to Connecticut state court) ("Plaintiff is warned that further attempts to remove this Connecticut litigation directly to this Court will be deemed frivolous . . . ."); *Holt v. FDIC*, No. 16-CV-3938(CM) (S.D.N.Y. Nov. 29, 2016) (dismissing action Appellant filed against the FDIC regarding the enforceability of the Note and Mortgage); *JP Morgan Chase v. Holt*, No. 16-CV-1308(SRU) (D. Conn. Sept. 14, 2016) (remanding the case to Connecticut state court) (affirmed on appeal *JP Morgan Chase v. Holt*, No. 16-3481 (2d Cir. Jan. 12, 2017)); *JP Morgan Chase v. Holt*, No. 16-CV-3941(CM) (S.D.N.Y. July 5, 2016) (remanding the underlying case to Connecticut state court after then-Defendant Holt attempted to remove the state foreclosure action to New York federal court); *In re Holt*, No. 15-50048 (Bankr. D. Conn. Feb. 27, 2015); *In re Holt*, No. 15-22704 (Bankr. S.D.N.Y. May 19, 2015); *In re Holt*, No. 04-50494 (Bankr. D. Conn. May 20, 2004).

hinder, and defraud the appellees); *In re Plagakis*, No. 03-CV-728(SJ), 2004 WL 203090, at *5 (E.D.N.Y. Jan. 27, 2004) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." (internal quotation marks omitted) (quoting *In re Felberman,* 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)).

The Clerk of the Court is respectfully directed to close this case. The Clerk of the Court is further directed to mail a copy of this Order to Plaintiff and file proof of service on the docket.


Dated: January 15, 2019  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge